Filing # 23173521 E-Filed 01/30/2015 10:40:56 AM

                                                      IN THE CIRCUIT COURT OF THE
                                                      FOURTH JUDICIAL CIRCUIT, IN AND
                                                      FOR DUVAL COUNTY, FLORIDA

                                                      CASE NO.:
                                                      DIVISION:

JAMES SARTORI,

    Plaintiff,

vs.

SUNTRUST BANKS, INC.,
    Serve On:
    Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301

and

TRANS UNION LLC,
    Serve On:
    The Prentice-Hall Corporation System, Inc.
    1201 Hays Street
    Tallahassee, FL 32301

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES
AND DEMAND FOR JURY TRIAL**

### I.    INTRODUCTION

1.    This is an action for injunctive relief and damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees, brought by Plaintiff, JAMES SARTORI, an individual consumer, for violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, by SUNTRUST BANKS, INC. ("SUNTRUST") and TRANS UNION LLC ("TRANS UNION"). Fundamentally, this case is about the Defendant's refusal to respect Mr.

Sartori's personal and legal rights in their attempts to collect an alleged debt from Mr. Sartori and falsely reporting Mr. Sartori's credit and financial information.

## II. JURISDICTION

2. Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012, Fla. Stat. § 559.77(1) and 15 U.S.C. §1681p.

## III. PARTIES

3. Plaintiff, JAMES SARTORI, is a natural person, and citizen of the State of Florida, residing in Florida. Plaintiff is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

4. Defendant, is a bank holding company whose principal address is located at 303 Peachtree St., NE, 30th Floor, Atlanta, GA 30308. SunTrust and SunTrust Mortgage, among others, are federally registered service marks of SUNTRUST. SUNTRUST is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

5. TRANS UNION is a foreign limited liability company whose principal address is located at 555 West Adams Street, Chicago, IL 60661. TRANS UNION is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). TRANS UNION regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by the FCRA, 15 U.S.C. § 1681a(d), to third parties.

## IV.   BACKGROUND

6.   Mr. Sartori had an alleged debt to SUNTRUST arising out of personal, family, or household purposes. Specifically, Mr. Sartori executed a Home Equity Line of Credit ("HELOC") with SUNTRUST on or about June 11, 1999. A true and correct copy of the HELOC is attached hereto as composite Exhibit A.

7.   Plaintiff, facing numerous financial difficulties, hired Ann S. Johnson, P.A. to represent him with regard to all debts and claims that his creditors may have had against him and to assist Mr. Sartori with satisfying Mr. Sartori's alleged debt to SUNTRUST. SUNTRUST repeatedly worked with Ann Johnson, P.A. in reference to the HELOC and another mortgage. At all times pertinent hereto SUNTRUST had actual knowledge that Plaintiff was represented by an attorney.

8.   On July 11, 2011 SUNTRUST, by and through its subsidiary, Suntrust Mortgage, Inc., executed a Satisfaction of Mortgage (the "Satisfaction"). The Satisfaction was recorded in Sarasota County, Florida on September 12, 2011. A true and correct copy of the Satisfaction is attached hereto as composite Exhibit B.

9.   The Satisfaction was acknowledged by SUNTRUST as "full payment and satisfaction" of Mr. Sartori's alleged obligation to SUNTRUST pursuant to the HELOC.

10.   On August 15, 2011 Mr. Sartori executed a General Warranty Deed in Lieu of Foreclosure ("Deed in Lieu") in favor of SUNTRUST. The Deed in Lieu was recorded in Sarasota County, Florida on September 12, 2011. A true and correct copy of the Deed in Lieu is attached hereto as composite Exhibit C.

11. The Deed in Lieu was executed as "an absolute conveyance of title in consideration of the personal liability" of Mr. Sartori with regard to the alleged debts to SUNTRUST.

12. SUNTRUST is party to an agreement or contract with Brock & Scott, PLLC ("Brock") whereby SUNTRUST hires or instructs Brock to collect consumer accounts on behalf of SUNTRUST.

13. The agreement or contract between SUNTRUST and Brock is in the exclusive possession of SUNTRUST and Brock.

14. Subsequent to the July 11, 2011 Satisfaction absolving Mr. Sartori of any obligation to SUNTRUST regarding the alleged debt SUNTRUST hired Brock to attempt to collect the alleged debt from Mr. Sartori.

15. SUNTRUST, by and through its agent and attorney, Brock, willfully communicated with Mr. Sartori by means of a letter dated June 20, 2013 in an attempt to collect the cancelled debt. A true and correct copy of the June 20, 2013 letter is attached hereto as composite Exhibit D.

16. Beginning in about June, 2011 SUNTRUST started to report false, derogatory information to credit reporting agencies, including Trans Union, stating that Plaintiff's account had been "charged off" and that there was a balance of $235,724.00.

17. On October 13, 2014 Mr. Sartori sent a letter to TRANS UNION disputing the alleged debt and explaining that Mr. Sartori had no responsibility for the alleged debt, which was inaccurately being reported. A true and correct copy of the October 14, 2014 letter to TRANS UNION, and the return receipt evidencing its receipt by TRANS UNION, is attached hereto as composite Exhibit E.

18. Upon information and belief, TRANS UNION notified the furnisher, SUNTRUST, of Mr. Sartori's dispute of the alleged debt.

19. Mr. Sartori received a letter from Trans Union dated November 4, 2014 which "updated" the alleged debt's status to "unpaid balance charged off." The November 4, 2014 letter still stated that the account had been "charged off" with a balance remaining of $235,724.00. A true and correct copy of the November 4, 2014 letter is attached hereto as composite Exhibit F.

20. Mr. Sartori sent a letter dated October 13, 2014 to SUNTRUST disputing the alleged debt and instructing SUNTRUST to cease the inaccurate reporting of the alleged debt. A true and correct copy of the October 13, 2014 letter to SUNTRUST, and the return receipt evidencing its receipt by SUNTRUST, is attached hereto as composite Exhibit G.

21. SUNTRUST responded to the October 13, 2014 letter by sending Mr. Sartori a letter dated October 27, 2014 confirming receipt and stating that SUNTRUST anticipated "providing you with a written response within 30 business days." A true and correct copy of the October 27, 2014 letter is attached hereto as composite Exhibit H.

22. Mr. Sartori received no further communications from SUNTRUST regarding his disputed of the alleged debt.

23. SUNTRUST re-verified the false reporting to TRANS UNION.

24. TRANS UNION failed in its duty to reinvestigate the claims made by Mr. Sartori, and instead simply parroted the information from SUNTRUST.

25. As a result of the derogatory information Mr. Sartori was forced to abstain from applying for credit and had adverse action taken on his existing credit accounts, including heightened interest rates.

26. Mr. Sartori was unable to finance a home purchase for himself and his wife due to the derogatory information.

27. As a result of the Defendants' actions Mr. Sartori has sustained actual damages including emotional distress and pecuniary loss.

### V. COUNT I – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY SUNTRUST BANKS, INC.

28. Mr. Sartori incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 of this Complaint.

29. By disclosing information affecting Mr. Sartori's reputation to Brock despite having actual knowledge that information was false SUNTRUST violated the FCCPA, Fla. Stat. § 559.72(5).

30. By attempting to collect a debt which had been satisfied, by hiring an attorney to contact Mr. Sartori directly despite (a) his status as a represented consumer and (b) the satisfied status of the alleged debt, and by making misleading statements to Mr. Sartori SUNTRUST willfully engaged in conduct which SUNTRUST could reasonably have expected to abuse or harass Mr. Sartori in violation of the FCCPA, Fla. Stat. § 559.72(7).

31. By attempting and threatening to enforce the alleged debt despite having actual knowledge that the debt was not legitimate, despite having actual knowledge it had no right to do so SUNTRUST violated the FCCPA, Fla. Stat. § 559.72(9).

32. SUNTRUST, by and through its agent and attorney, Brock, willfully communicated with Mr. Sartori by means the letter dated June 20, 2013 despite having actual knowledge that Mr. Sartori was represented by an attorney, in violation of the FCCPA, Fla. Stat. § 559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SUNTRUST BANKS, INC., for:

    a.    Actual and statutory damages pursuant to Fla. Stat. § 559.77;

    b.    Attorney's fees, litigation expenses and costs of suit pursuant to Fla. Stat. § 559.77;

    c.    Injunctive relief pursuant to Fla. Stat. § 559.77; and

    c.    Such other or further relief as the Court deems proper.

## VI. FAIR CREDIT REPORTING ACT VIOLATIONS BY SUNTRUST BANKS, INC.

33.    Mr. Sartori incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this Complaint.

34.    By failing to fully and properly investigate Mr. Sartori's dispute, by failing to accurately respond to TRANS UNION, by failing to correctly report the results of the investigation to TRANS UNION, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate item, SUNTRUST willfully and negligently violated the FCRA, 15 U.S.C. § 1681s-2(b).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant, SUNTRUST BANKS, INC., for:

    a.    Actual or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. 1681o;

    b.    Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. 1681o; and

    c.    Such other and further relief as the Court deems proper.

## VII. FAIR CREDIT REPORTING ACT VIOLATIONS BY TRANS UNION LLC

35. Mr. Sartori incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of this Complaint.

36. By failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff TRANS UNION violated the FCRA, 15 U.S.C. § 1681e.

37. By failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of the inaccuracy, by failing to conduct a reasonable investigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, by failing to review and consider the information provided to TRANS UNION by Plaintiff, and by relying upon verification of the item from a source it has reason to know is unreliable, TRANS UNION violated the FCRA, 15 U.S.C. § 1681i.

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant, TRANS UNION LLC, for:

a. Actual or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. 1681o;

b. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. 1681o; and

c. Such other and further relief as the Court deems proper.

## VIII. JURY DEMAND

Plaintiff, JAMES SARTORI, hereby request trial by jury in this matter.

/s/ Ryan G. Moore
Wendell Finner, Fla. Bar No. 93882
Ryan G. Moore, Fla. Bar No.: 70038
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, FL, 32250-6767